# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES**<br>**PLAINTIFF**<br><br>vs.<br><br>**NARCISO CASTILLO RESTITUYO**<br>**DEFENDANT** | **CR. NO.: 17-042 (PAD)** |

## SENTENCING MEMORANDUM

### TO THE HONORABLE COURT:

**COMES NOW,** the defendant, *Narciso Castillo Restituyo*, through the undersigned attorney and respectfully submits the following sentencing memorandum:

## INTRODUCTION

*Narciso Castillo Restituyo* is a Dominican National that illegally entered the United States on January 21, 2017, after having been previously ordered removed. He has accepted responsibility for the offense conduct of having attempted to re-enter the United States without authorization. This he did for puerly economic reasons. He is a 47 year old man with three (3) children, two (2) of which are in the process of attending college and are in need of financial resources in order to pursue their educational goals. As it is clearly reflected in the pre-sentence report, this was the principal purpose for his return to the United States, that was, to aide through his hard and honest work with the financial support of his children to pursue the "American Dream". He is very attached and supportive of his daughters , which was the motivating factor for his migration.  He understands, after suffering bthe present experience, that he must pursue his assistance to his daughters without attempting to re-enter the United States without authorization. He has been detained since January

1

of 2017, which is time in excess of the calculated guideline range for the offense committed, in addition to having been subjected to sub-human conditions upon being placed in detention at the Bayamon State Penitentiary for approximately 5 months prior to being transferred to the Metropolitan Detention Center (MDC) at Guaynabo, Puerto Rico.

The Court in its discretion should impose a sentence **that is sufficient but not greater that necessary to comply with the purposes of sentencing based on the sentencing factors found in 18 U.S.C., section 3553(a)** individualizing by his sentence. The Court should "*consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue*". United States v. Martin, *520 F.3d 87 (1st Cir. 2008), quoting* United States v. Koon. Based on the sentencing factors, it is respectfully submitted that Mr. Castillo Restituyo should be sentenced to time served.

## GUIDELINE CALCULATIONS

*Narciso Castillo Restituyo* pled guilty for the offense charged in Count One of the indictment and accepted responsibility for having re-entered without authorization. The guideline calculations for the offense charged are the following: The base offense level for having re-entered is eight (8) pursuant to USSG 2L1.2 (a). Mr. Castillo Restituyo clearly demonstrated acceptance of responsibility for the offense, decreasing the offense by two (3) levels, pursuant to U.S.S.G. 3E1.1 (a). The aforementioned calculations established a total adjusted base offense level of six (6). *Narciso Castillo Restituyo* has a criminal history category of I, establishing a guideline imprisonment range of 0 to 6 months.

## SENTENCING FACTORS PURSUANT TO 18 U.S.C., SECTION 3553 (a)

Upon the imposition of sentence, the Court must consider the sentencing factors found in 18 USC, section 3553(a). Section 3553 (a) states that the factors set forth in this subsection should

2

be taken into consideration in order to determine and *impose a sentence that is sufficient but not greater than necessary* in order to comply with the sentencing factors set forth in paragraph 2 of subsection 3553(a), those factors being: the need for the sentence imposed a) *to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense*; b) *the need to protect the public from further crimes of the defendant;* c) *the need to afford adequate deterrence to criminal conduct*; d) *to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;* e) *the kinds of sentences available*; f) *the kinds of sentence and sentencing range established set forth in the United States Sentencing Guidelines applicable to the defendant*; g) and *any other significant factors that should be taken into consideration.*

In the case of *Mr. Castillo Restituyo*, the imposition of a reasonable sentence must take into consideration the fact that he has already served time in excess of the guideline range. It is respectfully submitted that a sentence of time served reflects the seriousness of the offense and provide for a just punishment based on his individual circumstances and acceptance of responsibility. Such a sentence affords adequate deterrence to criminal conduct, considering his acceptance of responsibility and negative experience while detained at the Bayamoin State Penitentiary.

*Narciso Castillo Restituyo* no substance or alcohol abuse problems and is basically a hard working individual, first as a farmer and as a contraction worker.

Taking into consideration the advisory nature of the guidelines, this Court possess the discretion to devise a sentence that fits his individual circumstances, which as already mentioned should be time served.

Considered the aforementioned factors along with the nature and circumstances of the offense and the history and characteristics of the defendant as set forth in paragraph 1 of subsection 3553(a), which brings the Court to the following scenario.

*Narciso Castillo Restituyo* is 47 year old man who is sincerely repentant of the actions that resulted in his arrest. He fully accepted responsibility for having indulged in the conduct of re-entering the United States in order to provide for the educational needs of his daughters. He recognizes that this wasnot the best decision. His family has been supportive of him during this time and are always in need of his support. It is respectfully submitted that he be released for the time that he has already served, *which is "sufficient but not greater than necessary".* The Court should also note the conditions that he was subjected while detained at the Bayamon State Penitentiary were substandard conditions and it is respectfully submitted that those conditions have greatly enhanced his term of incarceration.

Upon reviewing the factors set forth in paragraph 2 of subsection 3553(a), it is submitted to this Court that the Court impose a sentence that is **sufficient but not greater that necessary to comply with the purposes of sentencing** for *Narciso Castillo Restituyo,* considering the sentencing factors as they apply to him and sentence him to time served.

**WHEREFORE**, submits this sentencing memorandum and prays that the Court in its discretion sentence him to time served, considering the aforementioned sentencing factors as they apply to *Narciso Castillo Restituyo.*

In San Juan, Puerto Rico, dated this 17th day of August 2017.

**S/ROBERT MILLAN
ROBERT MILLAN, ESQ.
USDCPR 202406
CALLE SAN JOSE #250
SAN JUAN, PR 00901
TEL: (787) 725-0946
FAX: (787) 725-0946
e-mail:** *rmi3183180@aol.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: *Cristina Caraballo Colón, AUSA*

                **S/ROBERT MILLAN**